

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **ELENA HOWELL, d/b/a TOM TOM JEWELRY** | CIVIL ACTION No. |
| Plaintiff, | COMPLAINT |
| v. | ECF CASE |
| **ANA ACCESSORIES CORPORATION** | |
| Defendant. | |

Elena Howell, d/b/a TOM TOM JEWELRY by and through her undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## NATURE OF ACTION

1. Elena Howell is an independent designer whose jewelry has garnered extensive media attention and her products have been sold across the United States. Defendant has willfully imported, advertised and sold unauthorized copies of Ms. Howell's jewelry designs.

2. Through this action, Plaintiff seeks a permanent injunction and damages from Defendant for the willful and deliberate copyright infringement, as alleged herein.

## JURISDICTION AND VENUE

3. This Complaint alleges causes of action for copyright infringement under the Copyright Laws of the United States, 17 U.S.C. §101 *et seq.*

4. The Court has subject matter jurisdiction in this action pursuant to 28 U.S.C. §1331 and 1338.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## THE PARTIES

6. Plaintiff Elena Howell, d/b/a TOM TOM JEWELRY is a California resident doing business in New York and throughout the United States. Her distinctive and original jewelry designs are offered for sale online at her website and also at better retail stores located in New York City and elsewhere.

7. Upon information and belief, ANA ACCESSORIES CORPORATION is a corporation organized under the laws of the State of California.

8. ANA ACCESSORIES CORPORATION is a wholesaler of jewelry that advertises and sells jewelry to retailers and the public in the State of New York and elsewhere.

## CLAIMS RELATED TO "TRIBAL MATTERS RING"

9. Plaintiff is the creator of the original ring design entitled "Tribal Matters Ring" (herein "Howell Design").

10. Plaintiff applied for and received a United States Copyright Registration for the Howell Design.

11. Prior to the acts complained of herein, Plaintiff sold the Howell Design to numerous parties in the fashion and accessories industries.

12. Following this distribution of the Howell Design, Plaintiff discovered that Defendant created, sold, advertised, imported, and/or otherwise distributed unauthorized reproductions of the Howell Design or designs which are substantially similar to the Howell Design ("Infringing Product").

13. A comparison of the Howell Design (left) and an exemplar of Infringing Product are set forth below. It is apparent that the elements, composition, arrangement, layout, and appearance of the designs are substantially similar.

| Howell Design | Infringing Product |
|---|---|
| TOMTOM | |

## COUNT I

### (Copyright Infringement)

14. Plaintiff repeats and realleges Paragraphs 1 through 13 as if fully set forth herein.

15. Upon information and belief, Defendant had access to the Howell Design, including, without limitation, through access to legitimate Howell Designs in the marketplace and online.

16. Upon information and belief, Defendant imports, advertises and sells jewelry.

17. Upon information and belief, Defendant infringed Plaintiff's copyright by advertising, offering to sell, and selling directly infringing and/or derivative works from the Howell Design through a nationwide network of retail stores and on-line outlets, including customers doing

business in New York.

18. Due to Defendant's acts, Plaintiff has suffered substantial damages to her business in an amount to be established at trial.

19. Due to Defendant's acts, Plaintiff has suffered general and special damages in an amount to be established at trial.

20. Due to Defendant's acts, Defendant has obtained direct and indirect profits it would not otherwise have realized but for its infringement of the Howell Design. Plaintiff is entitled to Defendant's profits attributable to the infringement of the Howell Design in an amount to be established at trial.

21. Upon information and belief, Defendant's infringement of Plaintiff's copyright has been willful, reckless and/or in blatant disregard for Plaintiff's rights as a copyright holder.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for judgment against Defendant as follows:

A.     That Defendant, its agents, servants, related companies, and all parties in privity with it, be enjoined preliminarily and permanently from infringing Plaintiff's copyright rights in the work asserted herein and any other unauthorized works copied from Plaintiff;

B.     That Plaintiff be awarded all profits of Defendant plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

C.     That Plaintiff be awarded its attorneys' fees as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

D.     That Plaintiff be awarded pre-judgment interest as allowed by law;

E.    That Plaintiff be awarded the costs of this action; and

F.    That Plaintiff be awarded such further legal and equitable relief as the Court

deems proper.

## JURY DEMAND

Plaintiff request a trial by jury on all issues so triable.

Respectfully submitted,
**STERN & SCHURIN LLP**

By:

Richard Schurin (RS 0199)
   rschurin@sternschurin.com
Kristin E. Anderson (KA 8632)
   kanderson@sternschurin.com

410 E. Jericho Turnpike
Mineola, NY 11501
Telephone: (516) 248-0300
Facsimile: (516) 283-0277

*Attorneys for Plaintiff*

Dated: September 24, 2014
       Mineola, New York